MASSACHUSETTS BONDING & INSURANCE COMPANY, A COR-
PORATION, *Appellant,* v. A. L. GRAMLING, *Appellee.*

Opinion filed March 8, 1918.

Where the meaning of an insurance policy is doubtful, it should
be construed most favorably to the insured.

Appeal from Circuit Court for Jackson County, C. L.
Wilson, Judge.

Judgment affirmed.

*Paul Carter,* for Appellant;

*W. E. B. Smith,* for Appellee.

BROWNE, C. J.—This is a suit brought by A. L. Gram-
ling against the Massachusetts Bonding & Insurance
Company, on a Health and Accident policy for indem-
nity for four and a half months non-confining illness,
under Part X of the policy, which is as follows:

"HEALTH INSURANCE .

'Part X.     Sec. (a) Or, for the period during which
'FULL IN-         the Assured shall be necessarily and
DEMNITY.          continuously confined within the house
                  and therein regularly visited by a
                  legally qualified physician, solely by
                  reason of 'such illness,' the Company
                  will pay *illness indemnity at the rate
                  per* month specified in Part I.' "

"PARTIAL      'Sec (b) Or, for the period, not exceeding
INDEMNITY.   two consecutive months, immediately
             following said confinement, or by rea-
             son of non-confining illness, during
             which the Assured shall be regularly
             attended by such physician and wholly
             and continuously disabled and pre-
             vented from performing any and every
             duty pertaining to any business or occu-
             pation, the Company will pay *one-half*
             *of said Monthly Illness Indemnity.*"

"PROVIDED, THAT INDEMNITY UNDER THIS
PART SHALL NOT BE PAID FOR THE FIRST
SEVEN DAYS OF DISABILITY, NOR FOR A
LONGER PERIOD THAN SIX CONSECUTIVE
MONTHS."

The appellant, the defendant below, demurred to and
made motions to strike parts of the declaration, upon
the grounds that the policy limited recovery for non-
confining illness to a period not exceeding two months.
The demurrer was overruled and the motions to strike
denied, and defendant refusing to plead, verdict and
judgment were rendered for the plaintiff for four and a
half months illness indemnity, and defendant took writ
of error.

The question involved is the construction of Sec. b of
Part X of the policy; the appellant contending that the
indemnity for non-confining illness is limited to a period
of two months, and the appellee, that the limit of the
period for which recovery can be had is six months.

If there were any serious doubt about what was meant
by the language used in Part X as a whole, or if it were
susceptible of either construction, we would have to
uphold the judgment of the lower court upon the well

settled doctrine that where the meaning of a policy is doubtful it should be construed most favorably to the insured.   Queens Ins. Co. v. Patterson Drug Co., 73 Fla 665, 74 South. Rep. 807; L'Engle v. Scottish Union & National Fire Ins. Co., 48 Fla. 82, 37 South. Rep. 462. A careful analysis of Part X, however, makes it unnecessary to apply this rule, as it seems clear to us that the limitation of the time for which the company will pay one-half the illness indemnity to a period not exceeding two consecutive months, applies to a period immediately following an illness during which the insured was confined within the house.  Sec. b, of Part X makes provision for two separate contingencies, upon the happening of either the company will pay the insured but one half the Monthly Illness Indemnity; the one for a non-confining illness for a period not exceeding two months immediately following a confinement within the house, and the other for a non-confining illness when the insured had not theretofore been confined to the house.   The first refers to a convalescent period after an illness which confined the insured to the house and is limited to two months, the second provides for an indemnity, or protection from the results of an illness by which the insured is "disabled or prevented from performing any and every duty pertaining to any business occupation," not preceded by confinement in the house.   At the end of Part X and immediately following Sec. "b" is this paragraph in bold faced type, "PROVIDED, THAT INDEMNITY UNDER THIS PART SHALL NOT BE PAID FOR THE FIRST SEVEN DAYS OF DISABILITY, NOR FOR A LONGER PERIOD THAN SIX CONSECUTIVE MONTHS.".

The contention of appellant that this refers only to Sec. "a" is not tenable; otherwise it would have fol-

lowed that section, or if not, then all doubt would have been removed by inserting the words "Sec 'a' of" between the words "under" and "this Part," or by the omission of the words "under this Part." Part X is composed of Sections "a" and "b" and the six months limitation must be construed to apply to all of Part X, except insofar as it is specifically limited in the first clause of Sec. "b," to a period immediately following "said confinement;" that is, a confinement within the house.

We think that the construction placed on the policy by the Circuit Judge was correct and the demurrer was properly overruled, and the motions to strike properly denied.

The judgment is affirmed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur